```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

THE ROMAN CATHOLIC DIOCESE OF
BROOKLYN, NEW YORK,
                                            MEMORANDUM & ORDER
                    Plaintiff,             20-cv-4844(NGG)(CLP)

        -against-

GOVERNOR ANDREW M. CUOMO in his
official capacity,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        The Plaintiff in this case, the Roman Catholic Diocese of Brooklyn, seeks a temporary restraining order and preliminary injunction against Governor Cuomo's Executive Order No. 202.68 ("Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency") (hereinafter the "Emergency Order"). The Emergency Order significantly restricts attendance at "houses of worship" in certain parts of New York, in response to a large uptick in COVID-19 infection rates.[1] Plaintiff contends that the Order, as applied to it, violates the Free Exercise Clause of the First Amendment.

---

[1] This case is assigned to the Honorable Nicholas G. Garaufis. Because Judge Garaufis was unavailable to hear the case on an expedited basis, the undersigned (as the assigned Miscellaneous Judge) heard oral argument, and issued this Order shortly thereafter. The case will revert to Judge Garaufis for all purposes going forward.

1

Under Supreme Court precedent, the right to freely exercise one's religion does not exempt worshippers from compliance with "neutral, generally applicable regulatory law[s]." *Emp. Div., Dep't of Human Res. v. Smith*, 494 U.S. 872, 880 (1990). But where laws single out acts of worship for "distinctive treatment," courts must apply the "most rigorous of scrutiny." *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 534 (1993). "When the government makes a value judgment in favor of secular motivations but not religious motivations, the government's actions must survive heightened scrutiny." *Fraternal Order of Police Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359, 366 (3d Cir. 1999). The challenge here is to determine whether this case is more like *Smith* — that is, a neutral law that incidentally burdens religion — or more like *Lukumi* and *Fraternal Order*, where religious worship was being singled out for disfavored treatment.

On its face, the Executive Order applies differently to religious exercise: it regulates houses of worship explicitly, and applies a capacity limit unique to them. *See* Emergency Order at 2 ("[H]ouses of worship shall be subject to a capacity limit of 25% of maximum occupancy or 10 people, whichever is fewer . . . ."). There are entities treated better than religious institutions in the "red zone" — namely, entities deemed "Essential Businesses" — but other entities treated more

restrictively, such as restaurants and even schools, which are closed entirely (for in-person activities). *Id.* at 2.

This is a difficult decision for two reasons. First, this case is different from previous COVID-related Free Exercise challenges in this Circuit, which involved the application of facially neutral executive orders that nonetheless burdened religion. *See Ass'n of Jewish Camp Operators v. Cuomo*, No. 20-CV-0687, 2020 WL 3766496 (N.D.N.Y. July 6, 2020) (Free Exercise challenge to executive order regarding summer camp attendance); *Soos v. Cuomo*, No. 20-CV-0651, 2020 WL 3488742 (N.D.N.Y. June 26, 2020) (Free Exercise challenge to executive order banning gatherings of fifty people or more). This Emergency Order, as noted above, contains provisions made expressly applicable to houses of worship. Second, the Governor of New York made remarkably clear that this Order was intended to target a different set of religious institutions. *See* "Governor Cuomo Is a Guest on CNN Newsroom with Poppy Harlow and Jimmy Sciutto," October 9, 2020, https://www.governor.ny.gov/news/audio-rush-transcript-governor-cuomo-guest-cnn-newsroom-poppy-harlow-and-jim-sciutto ("[T]he cluster is a predominantly ultra-Orthodox [Hasidic] community. . . . . [T]he issue is with that ultra-Orthodox community."). Plaintiff appears to have been swept up in that effort despite having been mostly spared, so far at least, from the problem at hand.

3

Nevertheless, the government is afforded wide latitude in managing the spread of deadly diseases under the Supreme Court's precedent. *See Jacobson v. Massachusetts*, 197 U.S. 11, 27, 31 (1905) ("[A] community has the right to protect itself against an epidemic of disease which threatens its members," and judicial scrutiny should be limited to laws that have "no real or substantial relation to" that purpose). For this reason, courts have rejected similar claims under the Free Exercise Clause. In *Elim Romanian Pentecostal Church v. Pritzker,* 962 F.3d 341, 344 (7th Cir. 2020), for example, the Court of Appeals denied a similar injunction, holding that "[w]orship services do not seem comparable to secular activities permitted under the Executive Order, such as shopping, in which people do not congregate or remain for extended periods." Likewise, in *South Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020), a majority of the justices declined to enjoin a California Executive Order limiting attendance at religious institutions in light of COVID-19. Relying on *Jacobson,* Chief Justice Roberts noted that the "Constitution principally entrusts the safety and health of the people to the politically accountable officials of the States to guard and protect." *Id.* at 1614 (cleaned up). On that basis, he concluded that it was "quite improbable" that restrictions like the one at issue here would be found unconstitutional. *Id.*

Relying on these cases, among others, another judge in this District today upheld the Executive Order at issue here. See *Agudath Israel of America v. Cuomo*, No. 20-cv-4834 (E.D.N.Y.) (Order of Judge Kiyo Matsumoto dated October 9, 2020). There are cases that have gone the other way in response to similar provisions. *See, e.g., Roberts v. Neace*, 958 F.3d 409 (6th Cir. 2020); *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610 (6th Cir. 2020); *Soos v. Cuomo*, 2020 WL 3488742 (N.D.N.Y. June 26, 2020). But in light of *Jacobson* and the Supreme Court's recent decision in *South Bay,* it cannot be said that the Plaintiff has established a likelihood of success on the merits. *See, e.g., Able v. United States*, 44 F.3d 128, 130 (2d Cir. 1995). And given the severity and complexity of the pandemic, it cannot be said, on this record, that the balance of equities favors the Plaintiff. *Winter v. Nat. Res. Def. Coun., Inc.*, 555 U.S. 7, 20 (2008) (2008).

Accordingly, Plaintiff's motion for a temporary restraining order is denied. Plaintiff may apply to Judge

Garaufis for a preliminary injunction, as the record may be developed more fully.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:  October 9, 2020
        Brooklyn, New York