**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

October 14, 2020

VIA ECF

Hon. Nicholas G. Garaufis
United States District Judge
United States Courthouse, Room 1426 S
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *The Roman Catholic Diocese of Brooklyn, New York v. Cuomo*, No. 1:20-cv-4844

Dear Judge Garaufis:

I respectfully write as counsel for Plaintiff The Roman Catholic Diocese of Brooklyn, New York, regarding the Governor's letter, advising that Byron Backenson, a witness who has not submitted a declaration in this case—and not the Governor's lead declarant, Debra S. Blog—will be called to testify during the evidentiary hearing in this matter. *See* Dkt. No. 23. Because the Governor's counsel declined to meet and confer to come to some agreement about the witnesses to be called in this action, we learned of this after 4 p.m. today.

On Sunday, October 11, 2020, this Court scheduled the evidentiary hearing in this matter for Thursday, October 15 at 2:00 p.m. and directed the Governor to file his opposition papers two days later on October 13 at 4:00 p.m. On October 13, at 5:14 p.m., the Governor filed a declaration from Dr. Debra S. Blog of the New York State Department of Health, as well as some 36 exhibits—spanning 200 pages—to that declaration. Dkt. Nos. 20-20-37. When the Governor chose Dr. Blog to serve as his sole supporting declarant in this action, the Governor knew well the scheduled time and date of the evidentiary hearing.

The Governor's belated decision to call not Dr. Blog but, rather, Mr. Backenson, who is also at the Department of Health, puts both Plaintiff and the Court at a disadvantage. The Governor could have called Dr. Blog or, alternatively, could have had Mr. Backenson serve as a declarant. Instead, the Governor chose to offer into evidence Dr. Blog's near-30 page declaration (along with hundreds of pages of accompanying exhibits)—evidence about which Plaintiff has the right to cross-examine her—and a new witness whose knowledge of and involvement in this case is entirely unknown to Plaintiff or the Court.

Given the Governor's decision not to call his lead witness in this case, Plaintiff respectfully requests that the Governor not be able to call Mr. Backenson as a last-minute surprise witness, the content of whose testimony is unknown since he gave no prior sworn statement in this action. Either Dr. Blog should have to testify, or else her declaration and the exhibits attached to it should be stricken from the record. The Governor will bear the ultimate burden of proving his restrictions on "Houses of Worship" are narrowly tailored to serve a compelling governmental interest. He should not be permitted to hide his only declarant

GIBSON DUNN

October 14, 2020
Page 2

from the crucible of cross examination and instead substitute in someone else whose testimony remains a mystery. That's trial by ambush, and this Court should have none of it.

We thank the Court for its consideration of this matter.

Respectfully,

/s/ *Randy M. Mastro*
Randy M. Mastro

cc: Counsel for Defendant (via ECF)