

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8029

**By ECF**  October 15, 2020
Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *The Roman Catholic Diocese of Brooklyn, New York v. Cuomo*
20-cv-4844 (E.D.N.Y.) (NGG-CLP)

Dear Judge Garaufis:

This Office represents Governor Andrew M. Cuomo, Defendant in the above-referenced matter. I write in response to Plaintiff's counsel's letter filed yesterday, October 14, 2020 (ECF No. 26), objecting to Defendant's witness, Bryon Backenson, Deputy Director of the New York State Department of Health's Division of Immunology, at today's hearing. Because Defendant filed the declaration of Debra Blog, Director of the Division of Immunology (ECF No. 20), Plaintiff's counsel argues that "Either Dr. Blog should have to testify, or else her declaration and the exhibits attached to it should be stricken from the record." He is mistaken.

It is well-settled in this Circuit that affidavits of non-testifying witnesses, depositions, and live testimony may be considered by a district court in determining whether to grant or deny a preliminary injunction. Courts "routinely consider hearsay evidence in determining whether to grant preliminary injunctive relief," including affidavits, depositions, and sworn testimony. *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) (collecting cases); *accord Park Irmat Drug Corp. v. Optumrx, Inc.*, 152 F. Supp. 3d 127, 132 (S.D.N.Y. 2016) (citation omitted) (explaining that in deciding a motion for a preliminary injunction, a "court may consider the entire record[,] including affidavits and other hearsay evidence"). As the Supreme Court has observed, "the decision of whether to award preliminary injunctive relief is often based on 'procedures that are less formal and evidence that is less complete than in a trial on the merits.' " *Mullins*, 626 F.3d at 51-52 (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). In considering a request for a preliminary injunction, the Court is free to consider depositions, sworn testimony, and affidavits that contain hearsay. *See, e.g.*, *Juniper Entm't, Inc. v. Calderhead*, No. 07-CV-2413, 2007 WL 9723384, at *8 (E.D.N.Y. Sept. 29, 2007). The admissibility of hearsay under the Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage. *Mullins*, 626 F.3d at 52. To hold otherwise would be at odds with the summary nature of the remedy and would undermine the ability of courts to provide timely provisional relief. *Id.*

Hon. Nicholas G. Garaufis
October 15, 2020 — Page 2

    Also, contrary to Plaintiff's counsel's contentions, Plaintiff will not be prejudiced by Mr. Backenson's testimony. Defendant timely identified Mr. Backenson. The Court's Order of October 11, 2020 directed both Defendant and Plaintiff to identify any witness or witnesses the parties intend to call by 2:00 p.m. on October 14, 2020, later extended to 4:00 p.m. Per the Court's Order, Defendant identified its hearing witness before 4:00 p.m.  Indeed, Plaintiff has been provided <u>in advance</u> of the hearing the subject matter and documents that Defendant will rely upon.  Nor has there been any attempt to "ambush" Plaintiff, rather, Defendant's need to produce this witness resulted from the extreme time frames imposed on the State to gather evidence and personnel in opposition to the motion, when the Department of Health is combating an unprecedented pandemic.  Plaintiff's letter application should be denied.

    Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ Seth J Farber /*
Seth J. Farber
Assistant Attorney General
Seth.Farber@ag.ny.gov

cc: All Counsel (via ECF)