

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8029

**By ECF**  October 20, 2020

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *The Roman Catholic Diocese of Brooklyn, New York v. Cuomo*
              20-cv-4844 (E.D.N.Y.) (NGG-CLP)

Dear Judge Garaufis:

      This Office represents Governor Andrew M. Cuomo, the defendant in the above-referenced matter. I write in response to the letter of Plaintiff's counsel Randy Mastro to Your Honor of October 19, 2020 (ECF No. 34) seeking that this Court grant Plaintiff "injunction pending appeal." Mr. Mastro writes: "Should the Court desire formal motion practice, Plaintiff is prepared to file papers within a day and will waive reply. As an alternative to formal briefing, the Diocese respectfully asks this Court to accept this submission as Plaintiff's letter-motion for an injunction pending appeal, and to enter an expedited ruling based on the parties' prior submissions."

      Defendant will, of course, submit opposition papers as the Court directs. However, Defendant respectfully submits that further briefing will be unnecessary. Plaintiff asks the Court, in effect, to stay its own ruling (Memorandum and Order dated October 16, 2020 (ECF No. 32)), and summarily grant Plaintiff the injunctive relief that the Court already denied after an evidentiary hearing and extensive briefing. The four factors that courts consider when determining whether to grant a stay pending appeal are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *U.S. S.E.C. v. Citigroup Glob. Mkts. Inc.*, 673 F.3d 158, 162 (2d Cir. 2012).

      In the present case, Plaintiff argues only that the Court has found that it will suffer irreparable harm as a result of the operation of Executive Order 202.68, in effect, conceding that it cannot show the other three factors necessary for a stay. Plaintiff could not do so in any event. The Court has already found in its well-reasoned opinion that Plaintiff could not establish likelihood of success on the merits or that the balancing of the equities or the public interest favored Plaintiff here. Simply put, the government has a compelling interest in protecting the public health, especially during the present deadly pandemic. As important as the interests raised by Plaintiff are, they are outweighed by the compelling public health interests being advanced by the State here. *See* Memorandum and Order (ECF No. 32) at 23 ("Given the pandemic, EO

Hon. Nicholas G. Garaufis
October 20, 2020                                                                                                                   Page 2

202.68 is clearly 'rationally related to a legitimate state interest,' and it is therefore exceedingly unlikely to infringe on the Diocese's First Amendment free exercise rights…. The public interest analysis, and accordingly the balancing of the equities, cuts in favor of the State, which is trying to contain a deadly and highly contagious disease.")

      Accordingly, Plaintiff has not shown entitlement to "injunction pending appeal," and its application for that relief should be denied accordingly.

      Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ Seth J Farber /*
Seth J. Farber
Assistant Attorney General
Seth.Farber@ag.ny.gov

cc: All Counsel (via ECF)