UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK, <br><br> Plaintiff, <br><br> - against - <br><br> GOVERNOR ANDREW M. CUOMO, in his official capacity, <br><br> Defendant. | 20-cv-4844-NGG <br><br> **SETTLEMENT AGREEMENT AND [~~PROPOSED~~] FINAL JUDGMENT** |

This SETTLEMENT AGREEMENT AND [~~PROPOSED~~] FINAL JUDGMENT ("Settlement Agreement") is made by and between Plaintiff The Roman Catholic Diocese of Brooklyn, New York ("Plaintiff") and Defendant Governor Andrew M. Cuomo, in his official capacity as Governor of the State of New York ("Governor Cuomo" or "Defendant"), collectively, "the Parties," on this 28th day of June, 2021, as follows:

WHEREAS, there is pending in this Court the above-captioned action ("Action"), commenced by Plaintiff, asserting a First Amendment Free Exercise challenge to the fixed-capacity restrictions on indoor gatherings in houses of worship, which restrictions were imposed pursuant to the declaration of a "State disaster emergency for the entire State of New York" proclaimed by Governor Cuomo in Executive Order 202 ("Disaster Declaration"); and

WHEREAS, on or about October 6, 2020, Governor Cuomo issued Executive Order ("EO") 202.68, which provides, in relevant part, that attendance at houses of worship in geographic areas within New York State designated as "red zones" must be limited to the lesser of twenty-five percent (25%) of maximum occupancy or ten (10) people, and that attendance at houses of worship in

geographic areas within New York State designated as "orange zones" must be limited to the lesser of thirty-three per cent (33%) of maximum occupancy or twenty-five (25) people; and

WHEREAS, on October 8, 2020, Plaintiff filed a complaint commencing the Action, as well as a motion for a temporary restraining order and a motion for a preliminary injunction, alleging, pursuant to 42 U.S.C. § 1983, that EO 202.68's fixed-capacity limits of ten and twenty-five people violate the Free Exercise Clause of the First Amendment as applied to Plaintiff's churches; and

WHEREAS, Plaintiff's motion for a temporary restraining order was denied by Order of this Court (Komitee, U.S.D.J.), dated October 9, 2020, and Plaintiff's motion for a preliminary injunction was denied by Order of this Court (Garaufis, U.S.D.J.), dated October 16, 2020; and

WHEREAS, on November 25, 2020, the United States Supreme Court granted Plaintiff's application for an emergency writ of injunction pending appeal, holding that the fixed-capacity restrictions "cannot be viewed as neutral because they single out houses of worship for especially harsh treatment," such that strict scrutiny applies, and that it was "hard to see how the challenged regulations can be regarded as 'narrowly tailored," *Roman Catholic Diocese of Brooklyn, N.Y. v. Cuomo*, 141 S. Ct. 63, 66-67 (2020) (per curiam); and

WHEREAS, on December 28, 2020, the United States Court of Appeals for the Second Circuit held that "the fixed capacity . . . limits on houses of worship are subject to strict scrutiny" and "also bear little relation to the particular COVID-19 transmission risks the Governor identifies," *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620, 632-33 (2d Cir. 2020), and therefore reversed this Court's Order dated October 16, 2020 and remanded to this Court with instructions to grant preliminary injunctive relief, *id.* at 637; and

WHEREAS, on December 29, 2020, this Court entered a minute order preliminarily enjoining Executive Order 202.68's fixed-capacity limits as applied to Plaintiff; and

WHEREAS, on February 8, 2021, the Hon. Kiyo A. Matsumoto of this Court issued a

permanent injunction in the case of *Agudath Israel of America v. Cuomo*, Case No. 1:20-cv-04834, ECF No. 44, enjoining Defendant and all State officers, agents, and employees responsible for enforcing EO 202.68 from enforcing the fixed-capacity limits (as well as the 25% and 33% percentage-capacity limits) provided by EO 202.68, and provided that the injunction shall apply "to all houses of worship, respectively in red and orange zones in New York State" ("*Agudath* Injunction"); and

WHEREAS, on February 12, 2021, Governor Cuomo issued EO 202.93, which modified EO 202.68 by providing that "there shall not be capacity restrictions on houses of worship located within the geographic areas designated by the New York State Department of Health (the "Department") as 'red,' 'orange,' or 'yellow' zones, beyond the restrictions contained in the Department guidance relating to such facilities"; and

WHEREAS, the *Agudath* Injunction and EO 202.93, both of which apply to all houses of worship located within the geographic areas designated by the Department as "red," "orange," or "yellow" zones in the State of New York, provide Plaintiff with the full relief sought on its Free Exercise claim; and

WHEREAS, on May 6, 2021, Governor Cuomo issued EO 202.106, which repealed "[t]he directive contained in Executive Order 202.68, as extended and modified, that directed the Department of Health to determine areas in the State that require enhanced public health restrictions based upon cluster-based cases of COVID-19,"

**NOW, THEREFORE, IT IS STIPULATED, AGREED, AND ORDERED AS FOLLOWS**:

**1.      Final Judgment in Favor of Plaintiff**

Upon the Court "so ordering" this Stipulation, final judgment is entered in favor of Plaintiff on its First Amendment Free Exercise claim asserted in this Action enjoining Defendant from

enforcing the fixed-capacity limits set forth in EO 202.68.

**2.      Enforcement of Capacity Limits on Indoor Religious Gatherings**

So long as the Disaster Declaration remains in effect, Defendant and all State officers, agents, and employees who are responsible for enforcing executive orders, guidance documents, or other pandemic-related regulations, shall not enforce against Plaintiff's houses of worship any capacity limits regarding indoor religious gatherings that are inconsistent with the *Agudath* Injunction. While the Disaster Declaration remains in effect, gatherings at Plaintiff's houses of worship shall remain subject to all generally applicable Department public health guidance (such as requirements, if any, for facial coverings, social distancing, and cleaning and sanitizing protocols), which may be updated as public health conditions require. This Settlement Agreement shall not preclude Plaintiff from challenging, in a new action, any future restrictions that are issued by Defendant subsequent to the execution of this Settlement Agreement and which are inconsistent with the provisions of the *Agudath* Injunction.

**3.      Payments to Plaintiff and Plaintiff's Attorneys**

In full consideration of Plaintiff's execution of this Settlement Agreement, its agreement to be bound by its terms, and its undertakings as set forth herein, including the final resolution of the Action, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of the Defendant, shall pay the gross sum of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00), for which I.R.S. Form 1099 shall be issued to Plaintiff's counsel in this amount, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff or Plaintiff's attorneys for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding (administrative, judicial, or otherwise) and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or

omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to: "Gibson Dunn & Crutcher LLP, as counsel for The Roman Catholic Diocese of Brooklyn, New York" and mailed to: c/o Randy M. Mastro, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166.

4.      **State Approval of Payments**

The payments referenced in Paragraph 3 of this Settlement Agreement are conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

5.      **Accrual of Interest**

In the event that the payments referenced in Paragraph 3 of this Settlement Agreement have not been made by the one hundred twentieth (120th) day after the receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of the Court, together with all other requested documentation required under Paragraph 4 of this Settlement Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required under Paragraph 4 of this Settlement Agreement.

6.      **Liability for Taxes**

Any taxes, or interest or penalties on taxes, on the payments referenced in Paragraph 3 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, and its attorneys for fees paid to said attorneys. Plaintiff and its attorneys agree and acknowledge that they shall have no

claim, right, or cause of action against Governor Cuomo and/or the State of New York, or any of their present of former agencies, departments, divisions, officers, employees, agents, attorneys, and assigns, whether in an individual or official capacity, or any of them, or all of them, on account of such taxes, interest, or penalties.

### 7.    Responsibility for Liens.

Plaintiff and Plaintiff's attorneys agree that neither Governor Cuomo nor the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof and any of its officials, employees, or agents, whether in their individual or official capacities) shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the payments referenced in Paragraph 3 of this Settlement Agreement by operation of law or otherwise. Plaintiff and Plaintiff's attorneys agree and acknowledge that they shall have no claim, right, or cause of action against Governor Cuomo and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof and any of its officials, employees, or agents, whether in their individual or official capacities) for the satisfaction of any such liens.

### 8.    Release in Favor of Defendant

For and in consideration of the agreement set forth in this Settlement Agreement and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of itself, administrators, successors, and assigns (collectively, "Releasing Parties"), hereby releases and forever discharges Governor Cuomo and the State of New York, together with their present and former agencies, authorities, commissions, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "Released Parties")

from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties incurred in connection with the Action up to and including the date of this Settlement Agreement related to any and all rights, claims, causes of action, grievances related to or arising out of the acts, transactions, occurrences, or omissions that are described, alleged, or contained in the Action. Plaintiff is not waiving or releasing any nonwaivable statutory protections or any constitutional rights.

9.     **No Other Action or Proceeding Commenced.**

Other than the Action, Plaintiff represents that it has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties that would be subject to the release contained in paragraph 8, on its own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement.

10.     **Waiver of Attorneys' Lien**

The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

11.     **No Other Attorney**

Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or

otherwise.

**12.     Prevailing Party**

Plaintiff shall be deemed a "prevailing party" for all purposes with respect to the Action.

**13.     Binding Effect on Successors and Assigns**

The terms, conditions and obligations set forth in this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**14.     Authority**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**15.     Voluntary Agreement**

Plaintiff represents that it has thoroughly discussed with counsel all aspects of this Settlement Agreement, and Plaintiff represents that it has carefully read and fully understands all of the provisions of this Settlement Agreement. Plaintiff represents that it executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that it understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

**16.     Negotiated Agreement**

The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be construed according to its fair meaning and not strictly for or against any party.

**17.    Entire Agreement**

This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the Action, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the Action and this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties.

**18.    Governing Law**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to the releases and waiver of federal claims pursuant to this Settlement Agreement.

**19.    Severability**

With the exception of paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11 and 13 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**20.    Headings**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

**21.    Submission to the Court**

This Settlement Agreement shall be submitted, without further notice, to the Court to be "So Ordered."

22.    **Counterparts**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument. Signatures transmitted by facsimile, e-mail, or e-mailed in portable document form shall be deemed original signatures.

**IN WITNESS WHEREOF**, the Parties acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions set forth herein, and that each has executed this Settlement Agreement to be effective on the day and date first above written.

Dated: New York, New York
    June  29, 2021

GIBSON, DUNN & CRUTCHER, LLP
Attorneys for Plaintiff

By: _____
        Randy M. Mastro

200 Park Avenue
New York, NY 10166
(212) 351-4000
RMastro@gibsondunn.com

Dated: New York, New York
    June 28, 2021

LETITIA JAMES
*Attorney General*
*State of New York*
Attorney for Defendant

By:    _____
        Seth J. Farber
        Assistant Attorney General
        28 Liberty Street
        New York, NY 10005
        (212) 416-8029
        Seth.Farber@ag.ny.gov

Dated: Albany, New York
    June 30, 2021

GOVERNOR ANDREW M. CUOMO
In His Official Capacity

By:    _____
        Beth Garvey
        Acting Counsel to the Governor

SO ORDERED:

s/Nicholas G. Garaufis
United States District Judge

Dated:    7/15/21

Page 10